FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 MAR 25 PM 1:11

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN L. PARKER, et al.,  }
  }
    Plaintiffs,  }
  }   CIVIL ACTION NO.
v.  }   03-AR-0360-M
  }
FARM BUREAU INSURANCE OF  }
NORTH CAROLINA, INC., et al.,  }
  }
    Defendants.  }

ENTERED
MAR 2 5 2003

### MEMORANDUM OPINION

At 3:05 p.m. on February 24, 2003, plaintiffs, invoking Rule 41(a)(1), F.R.Civ.P., purported to voluntarily dismiss their above-entitled action without prejudice. On February 26, 2003, this court expressed doubt about the efficacy of the said dismissal without prejudice and set the matter on the regular motion docket for March 21, 2003.

Defendant, Farm Bureau Insurance of North Carolina, Inc. ("Farm Bureau"), had filed an answer at 4:10 p.m. on February 24, 2003, one hour and five minutes after the voluntary dismissal. Farm Bureau had removed the case from the state court to this court on February 19, 2003, alleging the existence of complete diversity of citizenship relying upon the fact that the non-diverse defendant, Nic Gibbs ("Gibbs"), had been fraudulently joined and that no cause of action had been stated or could be stated against him. On February 24, 2003, this court set Gibbs' implicit motion to dismiss for hearing at the next regular motion docket of March

21, 2003.

Plaintiffs, of course, could not invoke Rule 41(a)(1), a federal procedural rule, unless this court had jurisdiction at the time of its invokation. This court could not have had jurisdiction on February 24, 2003, **unless** Gibbs had, in fact, been fraudulently joined. Therefore, the implicit motion to dismiss by Gibbs was conceded and must be granted, and the action dismissed **with prejudice** as against Gibbs despite plaintiffs' purported dismissal without prejudice.

Farm Bureau has filed nothing to challenge plaintiffs' absolute right to dismiss the action without prejudice as against it. The Fifth Circuit in *Plains Growers, Inc., FL. M. I. Co. v. Ickes-Braun Glass, Inc.*, 474 F. 2d 250 (5th Cir. 1973), a decision predating the split and therefore binding in the Eleventh Circuit, held that a plaintiff can voluntarily dismiss his action under Rule 41(a)(1), after a removal but before an answer. The Fifth Circuit there found that while some courts had considered pleadings that were neither answers nor motions for summary judgment as barring the right to dismiss by notice under Rule 41(a)(1), the pleadings in those cases almost invariably involved some consideration of the merits of the controversy. In *Ickes-Braun*, the Fifth Circuit found that because the defendant had not yet filed an answer or a motion for summary judgment (even though at the time of plaintiffs' notice of voluntary dismissal defendant had let it be known that it was contesting the court's jurisdiction), the plaintiff could dismiss

by the simple filing of notice. Because Farm Bureau had not yet filed its answer at the moment the notice of dismissal was filed by plaintiffs in this case, their dismissal without prejudice as against Farm Bureau was effective.

To the extent any question remains about the absolute right of plaintiffs to dismiss as against Farm Bureau under Rule 41(a)(1), the court deems plaintiffs to have alternatively invoked Rule 41(a)(2). In an exercise of its discretion, the court will alternatively grant plaintiffs' alternative motion to dismiss without prejudice.

DONE this 25th day of March, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE